## PETITION FOR ADOPTION BY: MARTYAK
### Case No. 88-1938 AP
Fifteenth Judicial Circuit, Palm Beach County
April 26, 1988

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

In this cause the Petitioners, Joseph John Martyak and Vicki Love Martyak, seek to adopt a child born January 8, 1988, who was permanently committed to the care and custody of Adoption Services, Inc., d/b/a Chosen Children a licensed child placing agency; the adoptee is to be known as "Marisa Love Martyak."

The petition for adoption was filed March 14, 1988. The petitioners acquired custody of the child on January 18, 1988 and have received a favorable recommendation of adoption from the licensed child placing agency, Chosen Children.

The petitioners and child were present at the hearing and based upon the evidence submitted to the court there is no question the adopting parents are fine, loving, well educated prospective parents, and it is in the best interest of the adoptive child the adoption take place.

The petitioners' residence and place of employment for the past six

years is in the State of Virginia. They came to Florida temporarily in January of 1988 for the sole purpose of this adoption and plan to return to Virginia immediately upon the completion of these proceedings as Virginia is their residence. They have no intention of becoming Florida residents.

The question presented to the court arises from the adoption of Chapter 87-397, effective October 1, 1987, now F.S. 83.185, which provides as follows:

"Residence Requirement — For any person to adopt in this state, his primary residence and place of employment in Florida is required."

The definition of primary residence and place of employment is found in F.S. 63.022(12) and is defined as follows:

"Primary residence and place of employment in Florida means a person lives and works in this state at least six months of the year and intends to do so for the foreseeable future."

Subparagraph (13) of the same statute provides:

"Primarily lives and works outside Florida means anyone who does not meet the definition of the primary residence and place of employment in Florida."

Based upon the foregoing, the court finds the petitioners do not have their primary residence and place of employment in the State of Florida as required by F.S. 63.185.

Counsel for the petitioners urges Florida Statute 63.207 — Out of State Placement, and Florida Statute 63.212 — Prohibited Acts, authorizes the court to approve this adoption because the child to be adopted was placed in the custody of a licensed agency; the court cannot agree. All these statutes must be read pari materia. The statutes which allow out-of-state placement and prohibit the placement of adoption out-of-state, except for the Department of Health and Rehabilitative Services, or a licensed agency, authorizes that department or licensed agency to send a child out-of-state for the purpose of placement for adoption and pursuing that conduct is not unlawful. To accomplish the adoption under these circumstances specific reference is made to the Interstate Compact on the Placement of Children authorized in F.S. 409.401.

Prior to the enactment of F.S. 63.185, there was no requirement for persons seeking to adopt to have their primary residence and place of employment in the State of Florida. However, the Florida Legislature has addressed this situation and has now made those matters a

requirement. The statute became effective prior to the birth of the child sought to be adopted and prior to the filing of the petition now under consideration. It is thereupon,

ADJUDGED petition for adoption is denied.

ORDERED April 26, 1988 at West Palm Beach, Palm Beach County, Florida.